**HEFNER, STARK & MAROIS, LLP**
Howard S. Nevins (CA BAR ASSN NO. 119366)
Aaron A. Avery (CA BAR ASSN NO. 245448)
2150 River Plaza Drive, Suite 450
Sacramento, CA 95833-4136
Telephone: (916) 925-6620
Fax No: (916) 925-1127
Email: hnevins@hsmlaw.com

Attorneys for
KIMBERLY J. HUSTED,
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA
(Sacramento Division)

| | |
|---|---|
| In re<br><br>MARK ROBERT DANENHOWER AND CHRISTINA MAYDRID DANENHOWER,<br><br>        Debtors. | Case No.: 17-23908-A-7<br><br>DC No.:  HSM-002<br><br>Date:     December 18, 2017<br>Time:    10:00 a.m.<br>Place:   501 I Street<br>           Sacramento, CA<br>           Ctrm. 28, 7th Flr.<br>Judge:  Hon. Michael S. McManus |

**DECLARATION OF HOWARD S. NEVINS IN SUPPORT OF FIRST AND FINAL APPLICATION FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES TO COUNSEL FOR THE CHAPTER 7 TRUSTEE**

I, HOWARD S. NEVINS, declare as follows:

1. I am an attorney duly licensed to practice law in the state of California and am admitted to practice before the Ninth Circuit Court of Appeals and the United States District Courts for the Eastern, Northern, Southern and Central Districts of California. I am a partner in the law firm of Hefner, Stark & Marois, LLP ("Counsel"), Counsel for KIMBERLY J. HUSTED, the Chapter 7 Trustee ("Trustee") herein. I have personal knowledge of the facts stated herein and in Counsel's First and Final Application for Allowance of Compensation and Reimbursement of Expenses to Counsel for the Chapter 7 Trustee (the "Application") to which this Declaration relates, and if called upon to

testify as to those facts, I could competently do so.

2. The Application seeks first and final approval of and authorization to pay compensation for professional services rendered by Counsel to the Chapter 7 Trustee for the period from June 12, 2017, through December 4, 2017 (the "Application Period"), in the aggregate amount of $6,712.00, representing $6,704.00 for fees and $8.00 for expenses.

3. On June 30, 2017, this Court granted the Trustee's Application to Employ Hefner, Stark & Marois, LLP, as Counsel for the Trustee, effective June 12, 2017.

4. The efforts undertaken by Counsel during the Application Period are more particularly described in the Application, and will not be fully recounted herein. A true and accurate narrative description of Counsel's services during the Application Period is set forth at paragraphs 5-7 of the Application.

5. Attached as Exhibit "A" to the Exhibits Cover Sheet filed and served herewith, is Counsel's Detail Transaction File List, which is a detailed summary of the services rendered by Counsel in representing the Trustee during the Application Period. Counsel's timekeepers submitted daily time sheets to its accounting department which compiled the information and reproduced it in the form seen in Exhibit "A."

6. A total of 18.00 hours appear on Exhibit "A." Exhibit "A" lists 0.60 hours billed at no charge as an accommodation to the bankruptcy estate (the "Estate"), and includes 1.0 hour anticipated to be required in connection with review of the court's pre-hearing disposition on the Application, preparing for and attending the hearing on the Application, if necessary, and preparing an order after hearing. The average hourly rate for all services covered by this Application was $372.89 (hourly rates ranged from $320.00 to $400.00).

7. In the Application, Counsel also seeks reimbursement of expenses in the amount of $8.00, as set forth on Exhibit "A." Counsel is not seeking reimbursement for expenses incurred in connection with this Application.

8. Counsel does not charge, either on an hourly basis or as a cost or expense item, for word processing time, clerical time, or preparing and effectuating normal mailings

(with the exception of photocopying and postage). The costs for providing such services have been taken into account in setting the firm's hourly rates for timekeepers and are considered a part of the firm's overhead.

9. Hefner, Stark & Marois, LLP, founded in 1896, is a law firm of 14 attorneys.

10. Brief professional profiles of the attorneys employed at Hefner, Stark & Marois, LLP, who primarily worked on this case are set forth below:

<u>Howard S. Nevins</u> obtained his law degree from McGeorge School of Law in 1985. He graduated with distinction, was awarded Order of the Coif and became a member of the Traynor Honor Society. In addition, Mr. Nevins served as comment editor of the Pacific Law Journal Board of Editors and published a comment during his tenure at McGeorge School of Law. Since 1985, Mr. Nevins has practiced extensively in the area of bankruptcy law, representing Trustees, creditors, creditors' committees, and trustees, and has been involved in numerous Chapter 11 reorganization cases. Mr. Nevins' non-bankruptcy work includes commercial law, secured transactions, business and real estate litigation, and appellate work. Mr. Nevins has given seminars and has served as a guest lecturer at McGeorge School of Law in the areas of bankruptcy and commercial law. Mr. Nevins is licensed to practice law in the State of California, the United States District Courts for the Eastern, Northern, Central and Southern Districts of California, and the Ninth Circuit Court of Appeals. He also served as an officer of the Bankruptcy and Commercial Law Sections of the Sacramento County Bar Association for three years, including serving as president for 1996-1997. Mr. Nevins also serves as a Dispute Resolution Advocate with the bankruptcy court for the Eastern District of California and a Settlement Judge Pro Tem with the Sacramento County Superior Court.

<u>Aaron A. Avery</u> received his Bachelor of Science in Commerce (cum laude) from Santa Clara University in 2003. He received his law degree (with great distinction) from McGeorge School of Law in 2006. He was awarded Order of the Coif, became a member of the Traynor Honor Society, and was a member of the school's moot court team. Mr. Avery joined the law firm of Hefner, Stark & Marois in 2006 and practices primarily in the areas of bankruptcy, including in the representation of trustees and creditors, and commercial law. Mr. Avery is licensed to practice in all state and all federal courts in the State of California, as well as the Ninth Circuit Court of Appeals. Mr. Avery is a board member of the Sacramento Valley Bankruptcy Forum, past Chair of the Bankruptcy and Commercial Law Section of the Sacramento County Bar Association, and past board member of the Sacramento Valley Receivers Forum.

11. In the course of representing debtors, creditors, trustees and others in bankruptcy cases before the United States Bankruptcy Court for the Eastern District of California, I have gained actual knowledge of the hourly rates charged by bankruptcy attorneys of varying skill levels who practice before this Court.

3    \\hsmfs2\clients\Husted, Kimberly\Danenhower, Mark & Christina (7830-0047)\pldg (hsm-2) final fee app\pldg first and final app (7830-47); dec hsn.docx

12. Based upon my review of fee applications filed by other law firms in the Sacramento area providing bankruptcy services for their clients, I have learned that these firms charge hourly rates for fees and amounts for costs and expenses substantially similar to, or in excess of, the fees, costs and expenses charged by Hefner, Stark & Marois, LLP.

13. The rates charged by Counsel's partners and associates are comparable to the rates it currently charges in non-bankruptcy matters and are comparable to the customary rates charged for comparable services in non-bankruptcy cases in the local community. All expenses requested include expenses that are ordinarily charged to Counsel's non-bankruptcy clients.

14. All professional services for which allowance of compensation is sought were performed by Counsel for the sole benefit of the Trustee and not on behalf of any other party-in-interest herein.

15. Counsel does not charge, either on an hourly basis or as a cost or expense item, for word processing time, clerical time, or preparing and effectuating normal mailings (with the exception of photocopying and postage). The costs for providing such services have been taken into account in setting the firm's hourly rates for the Trustee and are considered a part of the firm's overhead.

16. On a monthly basis, Counsel generated billing statements from its contemporaneous daily records, reflecting the fees and costs incurred herein, and forwarded those statements to the Trustee for her review.

17. No member of Counsel's office has entered into any agreement to share any compensation it receives as Counsel for the Trustee in this matter with any other person or entity.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed November 3, 2017, at Sacramento, California.

_____
Howard S. Nevins